MORGAN v. KENT CIRCUIT JUDGE.

1. Bills of Exceptions — Allowance — Discretion of Court — Amendments—Effect.

At the close of plaintiff's case, defendant moved for a directed verdict, and on the denial of his motion excepted and relying on Act No. 182, Pub. Acts 1899, introduced testimony and made his defense on the merits, the trial resulting in a verdict and judgment for plaintiff. Defendant, relying solely on the error in overruling his motion for a directed verdict, then presented a bill of exceptions containing only plaintiff's evidence which the trial judge refused to sign, and allowed amendments offered by plaintiff containing a large portion of defendant's testimony. On an application for a mandamus to compel the circuit judge to sign the bill of exceptions as presented, *held*, that no abuse of discretion was shown, as the circuit judge had not by his act deprived defendant of the benefit of the exception on which he relied.

2. Mandamus—Propriety—Compelling Signing of Bill of Exceptions—Review on Merits.

Defendant, having proposed a bill of exceptions containing only plaintiff's evidence for the purpose of reviewing the denial of his motion for a directed verdict, and the circuit judge having allowed amendments proposed by plaintiff containing certain evidence introduced by defendant after the denial of his motion, defendant applied to this court for a mandamus to compel the circuit judge to sign the bill of exceptions as proposed. *Held,* that since this court would deny the writ if, from the exhaustive examination of plaintiff's evidence necessary to pass upon the question raised, it should find that the circuit court had ruled correctly on the error assigned, which examination and determination should not be made in advance of a hearing upon a complete record, the writ would be denied and defendant left to his remedy by writ of error.

Mandamus by Albert W. Morgan to compel Willis B. Perkins, circuit judge of Kent county, to sign a bill of exceptions as prepared by relator. Submitted September 20, 1907. (Calendar No. 22,390.) Writ denied November 5, 1907.

*Myron H. Walker,* for relator.

*Dunham & Dunham,* for respondent.

McAlvay, C. J.   An application for mandamus is made to compel the circuit judge to sign a bill of exceptions as prepared and presented to him by relator.   The case was one tried before one of the judges of the Kent circuit court.   Plaintiff brought suit against relator as defendant to recover damages from him for his false representations in relation to the sale of certain stock of a mining, oil, and gas company, which he induced plaintiff to purchase.   At the close of plaintiff's case defendant moved the court to direct a verdict in his favor. This motion was denied and defendant excepted, and then proceeded to make his defense upon the merits.   The trial resulted in a judgment for plaintiff. A motion for a new trial was made and denied; the judge, at the request of defendant, filing his reasons therefor in writing.

The return shows that the exception taken upon the refusal of the court to direct a verdict was one of several covered by the bill of exceptions as at first presented; that the judge ruled that he would allow certain proposed amendments and finally, after many meetings held to settle said bill of exceptions, defendant abandoned all but one error assigned, and requested the judge to settle and sign his bill of exceptions as then presented, which contained only the evidence on the part of plaintiff.   This the court refused to do and allowed an amendment proposed by plaintiff which contained a large portion of defendant's own testimony.   This application is the result of such action.

Defendant relies upon Act No. 182, Pub. Acts 1899, which provides that in the circuit courts of this State a defendant at the close of plaintiff's case may move for an instructed verdict, or demur to the evidence, and, upon refusal of the court to grant such motion, he shall have the

benefit of an exception, and without waiving it may then introduce testimony and make his defense upon the merits.

The settlement of bills of exceptions is a duty devolving upon the trial judge, and is an exercise of his judicial discretion. In this case we discover no abuse of such discretion. The trial judge has allowed an amendment incorporating matter which he declares, in his judgment, is material. He has not by this act deprived defendant of the benefit of the exception upon which he relies. By this proceeding, summary in its nature, now before us, this court in effect is asked to determine that the trial court was in error in denying defendant's motion to instruct a verdict in his favor. This is so because we would deny the writ if, from the exhaustive examination of plaintiff's evidence necessary to pass upon the question raised, we should find that the court had ruled correctly.

This examination and determination we decline to make in advance of a hearing upon a complete record. At that time it will be proper to give such construction to the statute invoked as the case may require.

The writ of error, by which defendant proposes to remove the case to this court for review, will afford him a complete and adequate remedy.

The writ of mandamus is denied.

CARPENTER, GRANT, BLAIR, and MONTGOMERY, JJ., concurred.